UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROBERT MARSHALL, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No.: 1:19-cv-01876-ACA-JHE |
| WARDEN, FCI TALLADEGA, | ) ) ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Petitioner Robert Marshall filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the validity of his sentence as a career offender imposed by the United States District Court for the Middle District of Alabama. (Doc. 1). On June 30, 2020, the magistrate judge entered a report, recommending that the court dismiss the petition for lack of jurisdiction. (Doc. 18). Mr. Marshall filed timely objections. (Doc. 19).

Mr. Marshall objects to the magistrate judge's reliance on *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017), in determining that this court does not have jurisdiction to hear his petition. (Doc. 19 at 2). Mr. Marshall claims that *McCarthan* rejected prior circuit law for application of the 28 U.S.C. § 2255(e) saving clause, and that under both prior law from the Eleventh Circuit and the law of other circuits, he satisfies the saving clause

requirements for obtaining review.  (*Id.*).  Mr. Marshall's arguments are not persuasive.

In his petition, Mr. Marshall directly challenges the validity of his sentence, asserting that his prior convictions do not qualify him as a career offender under *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).  (Doc. 1 at 7; Doc. 1-1 at 9).  *McCarthan* mandates that a federal prisoner challenging the legality of his sentence do so through a motion to vacate under 28 U.S.C. § 2255, not through a petition for a writ of habeas corpus under § 2241.  851 F.3d at 1081, 1089.  Accordingly, the court does not have jurisdiction over Mr. Marshall's § 2241 petition.

Mr. Marshall contends that "[u]nder the law of other circuits, there can be no dispute that [he] would have satisfied the threshold requirements for obtaining review." (Doc. 19 at 2).  Even if that is the case, the court is bound to apply Eleventh Circuit precedent.  *See e.g., In re Hubbard*, 803 F.3d 1298, 1309 (11th Cir. 2015) (holding that where district court overlooked Eleventh Circuit decision and applied Third Circuit law instead, "the district court inadvertently transgressed the fundamental rule that courts of this circuit are bound by the precedent of this circuit"); *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997) ("The law of this circuit is 'emphatic' that only the Supreme Court or [the Eleventh Circuit] sitting *en banc* can judicially overrule a prior panel decision.").  Unless and until the Eleventh

Circuit or the United States Supreme Court decides otherwise, *McCarthan* remains the law that this court must follow.  And under *McCarthan*, because § 2255 is not "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), this court lacks jurisdiction to consider Mr. Marshall's § 2241 petition. *McCarthan*, 851 F.3d at 1081.

The court has carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation and Mr. Marshall's objections.  The court **OVERRULES** Mr. Marshall's objections, **ADOPTS** the magistrate judge's findings, and **ACCEPTS** his recommendation.

Accordingly, the court **DISMISSES WITHOUT PREJUDICE** Mr. Marshall's petition for writ of habeas corpus.

The court will enter a separate final order consistent with this memorandum opinion.

**DONE** and **ORDERED** this July 22, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE